## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANNE MERICAL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 12-1681 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| VALOR HEALTHCARE, INC., | ) | |
| MICHELLE R. SIMON, M.D., | ) | |
| KEITH MCMORRIS, | ) | |
| EMILY MILICH-FRANUSICH, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

### I. MEMORANDUM

For the reasons that follow, Defendants' partial Motion to Dismiss (Doc. 9) Count III of the Complaint will be denied.

### A. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff alleges in Count III of her complaint that her employer, Valor Healthcare, Inc., violated the Family Medical Leave Act of 1993, as amended, 29 U.S.C. §§ 2601, *et. seq.* ("FMLA") by denying her requests for FMLA leave and subsequently terminating her in retaliation because of those requests.

Plaintiff began working as a behavior health therapist at Valor's Outpatient Clinic in Greensburg, Pennsylvania in February 2009. Comp. (Doc 1) at ¶ 11. Plaintiff alleges that in March 2011, she experienced panic attacks, severe stress and anxiety, nightmares, sleep deprivation, epileptic auras, and depression. Id. at 35. On March 16, 2011, Plaintiff underwent an evaluation for her mental health condition, and Plaintiff's PCP provided Valor a medical

certificate stating that, due to her illness, she would be unable to return to work until March 28th. Id. In addition, on March 21st, Plaintiff's psychiatrist informed Valor that Plaintiff would not be able to return to work "until further notice." Id.

Valor approved an unpaid medical leave for Plaintiff through March 27th and requested that Plaintiff's psychiatrist provide a more certain date for her return. Id. at 36. On March 28th, Plaintiff provided Valor with another medical certificate from her psychiatrist indicating that Plaintiff could not return from work for at least three months, or tentatively until June 30th. Id. at 38. On a letter dated April 13th, Valor terminated Plaintiff's employment, noting that "based upon our business needs, and in light of the continuing hostile and inappropriate behavior that you displayed to members of our team, Valor has decided not to continue your discretionary leave of absence." Id. at 39.

Plaintiff filed this lawsuit on November 15, 2012. On January 18, 2013, Valor filed a partial Motion to Dismiss (Doc. 9) the FMLA claim pursuant to Rule 12(b)(6).[1] Valor argues that it is exempt from FMLA obligations under 29 U.S.C. § 2611(2)(B) because it did not employ at least 50 employees within a seventy-five mile radius from Plaintiff's worksite. Therefore, Defendant argues that Plaintiff has not and cannot plead facts sufficient to demonstrate that she was an eligible employee under the FMLA.

**B. ANALYSIS**

When considering a Rule 12(b)(6) motion, the Court must accept all of plaintiff's allegations as true and construe all reasonable inferences in favor of the plaintiff. Alston v. Parker, 363 F.3d 229, 233 (3d Cir. 2004). To survive a motion to dismiss under Rule 12(b)(6),

---

[1] Defendant has noted that if the Court chooses to consider matters outside of the pleadings, it must treat their Motion to Dismiss as a Motion for Summary Judgment under Rule 56. See Def.'s Mem. (Doc. 10) at 4. The Court declines to consider such matters at this time and therefore will not treat this motion as a Motion for Summary Judgment.

"a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim "requires a complaint with enough factual matter (taken as true) to suggest the required element." Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (citing Twombly, 550 U.S. at 556) (internal quotations omitted). "This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Id.

In order to establish a prima facie case of an interference with FMLA benefits, a plaintiff must show that (1) she was entitled to FMLA benefits; and (2) the employer unlawfully denied her of those benefits. Sarnowski v. Air Brooke Limousine, Inc., 510 F.3d 398, 401 (3d Cir. 2007). In order to be an eligible employee, an employee must have been employed for at least 12 months at the time of the requested leave and worked 1,250 hours within the past 12 month period. 29 U.S.C. § 2611(2)(A). The FMLA excludes certain individuals from the definition of "eligible employee." One of those exclusions provides that the term "eligible employee" does not include: "any employee of an employer who is employed at a worksite at which such employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50." Id. at § 2611(2)(B)(ii).

Contrary to Valor's assertion, Plaintiff has alleged sufficient facts in support of her claim under the FMLA for the purposes of Rule 12(b)(6). Plaintiff alleges in her complaint that "at the time of her request for leave pursuant to the FMLA, [she] met all requirements for qualification under the FMLA" and that Valor denied her FMLA request and "[Valor] *erroneously* claimed that the FMLA did not apply to it because it did not have the requisite number of employees

within a 75 mile radius of the Greensburg clinic to be covered by the FMLA." Comp. at ¶¶ 40, 56 (emphasis added).  Plaintiff also alleges that other employees in the Greensburg office were granted FMLA leave during and shortly after her employment with Valor.  Id. at 40.

Discovery will ultimately reveal whether Valor employed the necessary number of individuals to render Plaintiff an "eligible employee" for benefits under the FMLA.  If after discovery, it is determined that Plaintiff was indeed exempt from FMLA benefits, then the Court will reconsider Valor's arguments upon a motion for summary judgment.  However, at this time, the Court declines to dissolve Plaintiff's FMLA claim absent a more fully developed record.

## II. ORDER

Consistent with the foregoing, Defendant's partial Motion to Dismiss (Doc. 9) Count III of the complaint is **DENIED** without prejudice to Defendant's reasserting its arguments on summary judgment.

IT IS SO ORDERED.

September 23, 2013                                s\Cathy Bissoon
                                                  Cathy Bissoon
                                                  United States District Judge

cc (via ECF email notification):

All Counsel of Record